# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

**RUBY LEE LOLLIS, et al.**

**CIVIL ACTION NO. 05-1474**

**-vs-**

**JUDGE LITTLE**

**CONCORDIA PARISH SHERIFF'S OFFICE, et al.**

## JUDGMENT

Before the court is a motion to dismiss for failure to state a claim upon which relief may be granted filed by the Concordia Parish Sheriff's Office, a defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. #7]. Plaintiffs Ruby Lee Lollis, Latoya Brown, Erika Leonard (a minor) through her representative Helen Leonard, Fredrick Bethley (a minor) through his representative Ladonna Bailey, Albert Spurs, David Spurs, Reginald Spurs, Irving James Spurs, and Kadosah Spurs, all individually and on behalf of decedent Frederick J. Lollis, have not timely opposed the motion. Rule 7.5 of the Local Rules of the United States District Court for the Western District of Louisiana states that if a respondent opposes a motion, "he or she shall file a response . . . within 15 days after service of the motion." LR 7.5W. This motion to dismiss was filed on 14 September 2005 and the certificate of service indicates service on 12 September 2005. More than ninety days have passed since the filing of this motion. Plaintiffs' counsel telephoned the court to request an extension of time to file their opposition. Plaintiffs' counsel, however, subsequently failed to provide any documentation to indicate that opposing counsel had no

objection to such an extension. Furthermore, plaintiffs' counsel has not filed a motion for an extension of time. As the time period to file a response to the motion has elapsed, it therefore will be adjudicated without the benefit of such a response.

This motion asks that the court dismiss the claims against the Concordia Parish Sheriff's Office because it is not a legal entity capable of being sued. Louisiana law supports this position. Valentine v. Bonneville Ins. Co., 96-1382 (La. 3/17/97); 691 So. 2d 665, 668 ("It is well settled in the lower courts that a Sheriff's Department is not a legal entity capable of being sued."); cf. Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) (noting that "Louisiana law does not permit a district attorney's office to be sued in its own name").

The motion to dismiss the complaint against the Concordia Parish Sheriff's Office for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is GRANTED. Accordingly, the complaint against the Concordia Parish Sheriff's Office is DISMISSED WITH PREJUDICE.

Alexandria, Louisiana
20 December 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE