# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **RUBY LEE LOLLIS, ET AL.** | **CIVIL ACTION NO. 05-1474** |
| -vs- | **JUDGE LITTLE** |
| **CONCORDIA PARISH SHERIFF'S OFFICE, ET AL.** | |

## JUDGMENT

Before the court is a motion to dismiss for failure to state a claim upon which relief may be granted filed on 17 January 2006 by defendants Sheriff Randy Maxwell and Deputy David Hedrick pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. #10]. Plaintiffs Ruby Lollis, Albert Spurs, David Spurs, Reginald Spurs, and Irving James Spurs (collectively, the "non-children plaintiffs") opposed the motion on 13 February 2006 [#14]. On 22 February 2006, the defendants replied [#17].

Defendants argue that the survival and wrongful death claims brought by the non-children plaintiffs must be dismissed as a matter of law because these plaintiffs lack standing to bring such claims. For purposes of clarity, this motion does not concern any claims made by the plaintiffs other than the survival and wrongful death claims brought by the non-children plaintiffs above. All other claims remain unaffected by this judgment.

The Louisiana statutes regarding survival and wrongful death actions only permit actions by plaintiffs other than the decedent's spouse or children "if he left no spouse or children surviving." LA. CIV. CODE art. 2315.1 (survival action statute); LA. CIV. CODE art. 2315.2 (wrongful death action statute). The complaint states clearly that the decedent,

Fredrick J. Lollis, had children. Compl. ¶¶ VI, VII, VIII; Am. Compl. ¶ XII(a). As such, the claims by the non-children plaintiffs alleging survival and wrongful death must be dismissed.

The plaintiffs argue that this dismissal should be without prejudice "so that in the event the defendants successfully challenge the relationship of the named minor children to Fredrick Lollis, the mothers and brothers would at that time acquire standing under 2315.1 and 2315.2." Pls.' Mem. Opp. 2. In evaluating a motion to dismiss, however, the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995). The court therefore accepts, for the purposes of this motion, the alleged fact that Fredrick J. Lollis had surviving children. As such, claims by anyone other than those children or a spouse must be dismissed with prejudice.

The motion to dismiss the survival and wrongful death claims of Ruby Lollis, Albert Spurs, David Spurs, Reginald Spurs, and Irving James Spurs is GRANTED. Accordingly, these claims are DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

11 April 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE