RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 8/23/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUBY LEE LOLLIS, et al.** | **CIVIL ACTION NO. 05-1474** |
| -vs- | **JUDGE DRELL** |
| **RANDY MAXWELL, et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Before the Court is a Motion in Limine to Exclude Evidence filed by Defendants, Randy Maxwell and David Hedrick, through which they seek to preclude the jury from viewing any photographs of the decedent's body. (Document No. 145.) The time for opposing the motion has passed, and no such opposition has been filed.

This lawsuit arises from the death of Fredrick Lollis, who was shot by Deputy David Hedrick of the Concordia Parish Sheriff's Office. The plaintiffs, all of whom are alleged family members of the decedent, claim the shooting was not legally justifiable. As such, they seek monetary relief through various theories, including alleged violations of the decedent's constitutional rights under 42 U.S.C. § 1983, negligence, intentional and/or negligent infliction of emotional distress, and punitive damages. A one-week jury trial is scheduled to begin on January 9, 2012.

Defendants contend any probative value of "photographs depicting the lifeless body of the decedent" (Document No. 145-1, p. 2) will be outweighed by the danger of unfair prejudice, such that they should be excluded under Fed. R. Evid. 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

They further argue any "physical wounds or injuries sustained by Mr. Lollis can and will be elicited through the testimony of the coroner and other witnesses." (Document No. 145-1, p. 2.)

A search of the record shows no photographs of the decedent have been submitted to the Court for review. Rather, Plaintiffs simply list "[p]hotographs relating to the incident involving the fatal shooting of Fredrick Lollis, including photographs of the scene of the shooting," and "[p]hotographs of the plaintiffs and the decedent Fredrick Lollis" as potential exhibits. (Document No. 96.)

While it is true that unnecessarily vivid images may not be proper for submission to the jury, without being able to view the photographs in question, the Court is unable, at this time, to make an informed decision. Accordingly,

IT IS ORDERED that the Motion in Limine to Exclude Evidence (Document No. 145) is DENIED AS PREMATURE with the right to be re-filed within thirty (30) days of the trial if the parties are unable to come to an agreement regarding the use of the photographs to which these defendants object. If the motion is resubmitted, the photographs at issue must be provided for *in camera* inspection.

SIGNED on this 23rd day of August, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

2